# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN M. STANTON, | Case No. 22-CV-1706 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| GOMEY ALLENBERG & O'REILLY, PC, | |
| Defendant. | |

Plaintiff, *pro se*.

This action is before the Court on Plaintiff Kevin M. Stanton's (1) Complaint (ECF No. 1) and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). For the following reasons, the Court dismisses this action without prejudice for lack of jurisdiction and denies the IFP Application as moot.

## I.    BACKGROUND

The Court received the Complaint and the IFP Application on July 1, 2022. *See* Docket. The Complaint names only one defendant—Gomey Allenberg & O'Reilly, PC ("Gomey Allenberg"), a Virginia-based law firm. *See* Compl. at 2. Stanton asserts that this Court has jurisdiction over this matter based on both federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *See id.* at 3. As

the basis of federal-question jurisdiction, Stanton points to "whistleblower protection rights." *Id.*

The Complaint's substantive allegations consist of half a page of handwritten notes. *See id.* at 4. Those notes are hard to decipher, and none mention Gomey Allenberg. *See id.* As best as the Court can tell, Stanton suggests that his employers at a "[W]est [C]oast ammo pier" disciplined him based on "hearsay." *Id.* Stanton apparently alleges that he was later "put in hospital by [a] shipmate" in California. *Id.* Stanton sought certain records of the incident, but the "police" and "navy [did] nothing" and some sort of "ambulance bill" was eventually sent to "debt collectors." *Id.* At some point, an unspecified attorney made some of effort to collect attorney's fees, presumably associated with efforts to collect monies related to this "ambulance bill." *Id.*

For relief, Stanton asks for "everything [he is] entitled to as a federal whistleblower." *Id.*

II.     ANALYSIS

Rather than pay this action's filing fee, Stanton filed the IFP Application. But under 28 U.S.C. § 1915, the federal statute governing *in forma pauperis* ("IFP") actions, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, [a] court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore,

under Rule 12(h) of the Federal Rules of Civil Procedure, "[i]f the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

      A.     *Jurisdiction*

As a threshold point, this Court concludes that it lacks subject-matter jurisdiction

over this action.  It is a plaintiff's burden to "allege in his pleading the facts essential to

show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189

(1936); *see also, e.g.*, *Diabate v. Delta Airline*, No. 13-CV-0918 (PJS/JJK), 2014 WL 48001, at

*6 (D. Minn. Jan. 7, 2014) (concluding that subject-matter jurisdiction was lacking where

plaintiff's "pleadings are insufficient to meet his burden to plead the requisite

jurisdictional facts"), *aff'd*, No. 14-1240 (8th Cir. July 22, 2014).  The Complaint does not

meet this burden.

Consider federal-question jurisdiction first.  Under 28 U.S.C. § 1331, "[t]he

district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."  The U.S. Court of Appeals for the

Eighth Circuit has described this arising-under standard as follows:

> "[T]he question whether a claim 'arises under' federal law
> must be determined by reference to the 'well-pleaded
> complaint.'"  The well-pleaded complaint rule "provides
> that federal jurisdiction exists only when a federal question
> is presented on the face of the plaintiff's properly pleaded
> complaint."  "Federal question jurisdiction exists if the well-
> pleaded complaint establishes either that federal law creates
> the cause of action or that the plaintiff's right to relief
> necessarily depends on resolution of a substantial question
> of federal law."

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citations omitted); *see also, e.g.*, *Minn. ex rel. Elder v. U.S. Bank, N.A.*, No. 21-CV-1753 (PJS/HB), 2022 WL 781089, at *2 (D. Minn. Mar. 15, 2022) (making similar points (quoting and citing cases)).

This Court's federal-question jurisdiction here thus hinges on whether (1) "federal law creates [a] cause of action" or (2) Stanton's rights to relief "necessarily depend[] on resolution of a substantial question of federal law."  The Court, of course, must construe *pro se* filings like Stanton's liberally, and "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1049 (8th Cir. 2021) (citing *Erickson*).

Here, Stanton's only suggestion that this matter involves federal law is a bare assertion that the case concerns "whistleblower protection rights."  Putting aside that it is unclear how Stanton's factual allegations relate to whistleblowing, this phrase does not refer to federal law at all—indeed, other entities (e.g., states) can and do have laws protecting whistleblowers.  Stanton's wording here thus does not point to a federal-law claim or suggest that Stanton's rights to relief hinge on a substantial federal-law question.  The Complaint thus fails to adequately allege that federal-question jurisdiction exists here.

4

A similar problem undercuts Stanton's reliance on diversity jurisdiction.  Under

28 U.S.C. § 1332(a)(1), as relevant here, "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of*

*$75,000 . . . and is between . . . citizens of different States*[.]"  (Emphasis added.)  The

Complaint's request for relief simply states that Stanton seeks "everything [he is]

entitled to as a federal whistleblower."  Compl. at 4.  Nothing here suggests a "matter in

controversy" of more than $75,000.  The Complaint therefore fails to allege that

diversity jurisdiction applies here.

Given this lack of both federal-question jurisdiction and diversity jurisdiction, it

appears that this Court lacks subject-matter jurisdiction over this matter.

B.     *Frivolity*

Furthermore, even if this Court had jurisdiction over this action, the Court would

dismiss it as frivolous.

The U.S. Supreme Court has explained that a case is frivolous "where it lacks an

arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)

(citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Cokeley v. Endell*, 27 F.3d 331, 332 (8th

Cir. 1994) (same).  Courts in this District (including this one) have repeatedly stated that

a case lacks an arguable basis in fact—and so is frivolous—as to a defendant when the

case's pleadings lack any allegations about that defendant.  *See Bethune v. Minnesota*, No.

21-CV-2673 (PJS/ECW), 2021 WL 5964540, at *1 (D. Minn. Dec. 16, 2021) (citing cases);

*see also, e.g., Crabtree v. Roseau Cnty. Sheriff Off.*, No. 22-CV-0093 (WMW/HB), 2022 WL 1523691, at *2 (D. Minn. Mar. 17, 2022), *report and recommendation adopted*, 2022 WL 1522571 (D. Minn. May 13, 2022) (same); *Breashears v. Dorothy Day Ltd. P'ship LLC*, No. 21-CV-0713 (PJS/KMM), 2021 WL 2019014, at *2 (D. Minn. Apr. 12, 2021) (same), *report and recommendation adopted*, 2021 WL 2018769 (D. Minn. May 20, 2021).

The Complaint here has no specific allegations about what Gomey Allenberg did that might make it liable to Stanton. *See* Compl. at 4. The Complaint is thus frivolous as to Gomey Allenberg. And because Gomey Allenberg is this action's sole defendant, the Complaint as a whole is also frivolous.

In summary then, the Court dismisses this action without prejudice because the Court lacks jurisdiction over it—and even if jurisdiction existed, the Court would dismiss this action as frivolous. Given these conclusions, the Court denies the IFP Application as moot.

## Order

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED**:

1.   This action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2.   Plaintiff Kevin M. Stanton's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 4, 2022                                     s/Patrick J. Schiltz
                                                          Patrick J. Schiltz, Chief Judge
                                                          United States District Court